**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUDARSHAN NELATURY, | ) | |
| Plaintiff, | ) | C. A. No. 1:21-cv-279 |
| | ) | |
| v. | ) | RE: Motion to Dismiss Amended |
| | ) | Complaint and Motion for Leave to File |
| THE PENNSYLVANIA STATE | ) | Second Amended Complaint (ECF Nos. |
| UNIVERSITY, RALPH FORD, | ) | 10 & 19) |
| Defendants. | | |

**O R D E R**

AND NOW, this 3rd day of October, 2022,

IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended

Complaint [ECF No. 19] is GRANTED as to Counts 2 and 3 (race discrimination and retaliation

in violation of 42 U.S.C. § 1981) and DENIED as to Count 4 (hostile work environment in

violation of 42 U.S.C. § 1981).

IT IS FURTHER ORDERED that the Motion to Dismiss [ECF No. 10] is granted in part

and denied in part as follows:

- GRANTED as to Count 1 (violation of First Amendment and 42 U.S.C. § 1983)

  against Ralph Ford and DENIED as to Count 1 against The Pennsylvania State

  University;

- GRANTED as to Count 2 (race discrimination in violation of 42 U.S.C. §§ 1981,

  1983) insofar as this Count is based on Defendants' actions in 2019, and DENIED

  insofar as this Count is based on Defendants' actions in 2021, with this Count

  considered as amended in accordance with the Motion for Leave to Amend;

- DENIED as to Count 3 (retaliation in violation of 42 U.S.C. §§ 1981, 1983), with this

  Count considered as amended in accordance with the Motion for Leave to Amend;

1

- GRANTED as to Count 4 (hostile work environment in violation of 42 U.S.C. § 1981);

- GRANTED as to the discrimination claims in Count 5 (Title VII, 42 U.S.C. § 2000e et seq., race/national origin), Count 8 (ADEA, 29 U.S.C. § 621 et seq.), Count 11 (20 U.S.C. § 1681 et seq.), Count 14 (42 U.S.C. § 2000e et seq., sex), Count 20 (43 P.S. § 951 et seq., race/national origin), Count 23 (43 P.S. § 951 et seq., age), and Count 26 (43 P.S. § 951 et seq., sex), insofar as those Counts are based on Defendants' actions in 2019, and DENIED insofar as those Counts are based on Defendants' actions in 2021;

- DENIED as to the retaliation claims in Count 6 (42 U.S.C. § 2000e et seq., race), Count 9 (29 U.S.C. § 621 et seq.), Count 12 (20 U.S.C. § 1681 et seq.), Count 15 (42 U.S.C. § 2000e et seq., sex), Count 21 (43 P.S. § 951 et seq., race), Count 24 (43 P.S. § 951 et seq., age), and Count 27 (43 P.S. § 951 et seq., sex);

- GRANTED as to the hostile work environment claims in Count 7 (42 U.S.C. § 2000e et seq., race), Count 10 (29 U.S.C. § 621 et seq.), Count 13 (20 U.S.C. § 1681), Count 16 (42 U.S.C. § 2000e et seq., sex), Count 22 (43 P.S. § 951 et seq., race/national origin), Count 25 (43 P.S. § 951 et seq., age), and Count 28 (43 P.S. § 951 et seq., sex);

- GRANTED as to the breach of contract claim in Count 17;

- DENIED as to the breach of contract claim in Count 18; and

- GRANTED in part as to the breach of contract claim in Count 19—specifically, ¶¶ 438, 441(a), 441(b), and the portion of ¶ 441(c) that alleges the SRTE policy was not applied in a facially neutral manner; and DENIED in part as to the breach of

2

contract claim in Count 19—specifically, ¶ 437 and the portion of ¶ 441(c) that

alleges the SRTE policy was not explained to Dr. Nelatury.

s/ D. Michael Fisher
D. MICHAEL FISHER
United States Circuit Judge
