IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUDARSHAN NELATURY,<br>                Plaintiff,<br><br>    v.<br><br>THE PENNSYLVANIA STATE<br>UNIVERSITY, RALPH FORD,<br>                Defendant. | Civil Action No. 1:21-cv-279 |

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on its own order to show cause why Plaintiff's attorney, Seth Carson, should not be held in contempt of court and/or sanctioned. Dkt. 113. The Court held a show-cause hearing and entered an order imposing a $500.00 fine on Attorney Carson. For the reasons set forth below, and for those discussed on the record, the Court believes its sanctions are necessary and prudent to ensure Attorney Carson's compliance with its future orders.

      **I.  Legal Standards**

      A district court has "very broad discretion . . . to use sanctions where necessary to ensure compliance with pretrial orders; this facilitates the expeditious and sound management of the preparation of cases for trial." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007) (internal quotation marks and citations omitted). The Third Circuit has outlined six factors a court must consider before imposing the sanction of dismissal or its functional equivalent. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). More recently, the Third Circuit "urge[d] district courts," even when imposing a sanction that falls short of dismissal, "to consider the relevant [*Poulis*] factors." *United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021). The six factors are:

    1. How much the party is personally responsible for the challenged actions;

    2. How much those actions prejudiced the opposing party;

1

      3. The history of dilatoriness;

      4. Whether the party or its lawyer acted willfully or in bad faith;

      5. How effective alternative sanctions less than dismissal would be; and

      6. Whether the party has a meritorious claim or defense.

*Brace*, 1 F.4th at 143 (citing *Poulis*, 747 F.2d at 868).

      **II.    Background**

      Defendants timely filed a motion for summary judgment, brief in support, concise statement of material facts, and exhibits on February 9, 2024. Dkt. 70–76. On the due date for any opposition to summary judgment, Plaintiff moved for an extension, which the Court granted. Dkt. 79–80. On the extended due date, Plaintiff moved for another extension. Dkt. 81. The Court granted the motion in part and ordered a second extension, directing that no further extensions would be granted. Dkt. 82. On the twice-extended due date, Plaintiff filed yet another extension motion, saying Attorney Carson had experienced an unanticipated medical issue. Dkt. 83. The Court granted the motion, ordering a due date of April 22, 2024. Dkt. 84.

      Despite the three extensions, Attorney Carson filed the summary judgment opposition late. He filed a handful of exhibits on the due date of April 22. Dkt. 85. He filed many more exhibits in the early morning hours of April 23. Dkt. 86–95.

      At the beginning of the workday on April 23, the Court directed Plaintiff to re-file—that same day—his brief in opposition to summary judgment and his response to Defendants' concise statement of material facts. Dkt. 96. Attorney Carson complied with respect to the concise statement of material facts. Dkt. 98. But he did not file a brief in opposition until the early morning hours of April 24. Dkt. 99.

      On April 26, the Court directed Plaintiff to file, no later than 8:00 a.m. on April 29, a motion for his brief in opposition to summary judgment to be accepted *nunc pro tunc*. Dkt. 110. Two hours past the deadline, Attorney Carson filed a two-sentence motion that contained no facts or argument. Dkt. 111. He then emailed a letter to Chambers describing a variety of personal circumstances he claimed had prevented him from timely filing the summary judgment

2

opposition.

The Court had also instructed Plaintiff to file a paper courtesy copy of his summary judgment opposition materials by April 29. Dkt. 96. The paper courtesy copy was late by more than three days.

On May 1, the Court ordered Plaintiff to file on the docket the letters Attorney Carson emailed to Chambers on April 18 and April 29. The Court directed that if Plaintiff's counsel believed the information should not be publicly available, he should follow the procedures for requesting to file documents under seal. Dkt. 112. The letters have not yet been filed.

Also on May 1, the Court entered an order to show cause why it should not hold Attorney Carson in contempt of court or impose sanctions. The Court directed that Attorney Carson "shall" file a brief in response. Dkt. 113. But he did not file a brief.

On May 3, Defendants filed a motion to strike portions of Plaintiff's response and counterstatement of undisputed material facts. Dkt. 115. Attorney Carson filed an opposition to the motion to strike, but it was four days late. Chambers procedures provide that responses to non-dispositive motions must be filed within ten calendar days, so any response was due by May 13. Plaintiff filed a response on May 17. Dkt. 117. The opposition did not acknowledge the lateness or request an extension. The Court disregarded the opposition.

To summarize, Attorney Carson's history of delay and neglect is as follows. He missed the deadlines for (1) the brief in opposition to summary judgment, (2) the response to Defendants' concise statement of material facts, (3) most of Plaintiff's exhibits in opposition to summary judgment, (4) the extended deadline for re-filing the brief in opposition to summary judgment, (5) the *nunc pro tunc* motion, (6) the paper copy of the summary judgment opposition materials, and (7) the opposition to the motion to strike. Further, Attorney Carson neglected altogether to (8) file on the docket the letters he improperly emailed to Chambers and (9) respond to the Court's order to show cause why he should not be sanctioned.

Attorney Carson's failure to follow federal and local rules, as well as Court orders, has burdened this Court. He has created a great deal of extra unnecessary work for the Court.

Attorney Carson has missed each and every deadline since Defendants filed their summary judgment motion. He has prevented the Court from adjudicating the merits of summary judgment in a timely fashion and has increased the cost of this litigation.[1]

### III.   Discussion

At the hearing, the Court considered the *Poulis* factors, to the extent they are applicable to this case. First, the Court considered how much the party is personally responsible for the challenged actions. *Brace*, 1 F.4th at 143 (citing *Poulis*, 747 F.2d at 868). The Court has no indication and does not believe that Dr. Nelatury is personally responsible for Attorney Carson's missed deadlines or violations of court orders. This factor weighs against imposing sanctions that would impact Dr. Nelatury. *Poulis* notes that the preferred "sanction for [a] pattern of attorney delay . . . [is] to impose the excess costs caused by such conduct directly upon the attorney, with an order that such costs are not to be passed on to the client, directly or indirectly." *Poulis*, 747 F.2d at 869. Thus, the first *Poulis* factor weighs in favor of sanctions against Attorney Carson, but not Dr. Nelatury.

Second, the Court considered how much the offending actions prejudiced the opposing party. *Brace*, 1 F.4th at 143 (citing *Poulis*, 747 F.2d at 868). Defendants indicated in their motion to strike that "Plaintiff created significant and unnecessary burdens on Defendants . . . that have required Defendants to incur significant time and expense in addressing Plaintiff's 'chaotic' and non-compliant filings . . . ." Dkt. 115 (Br. in Support of Mot. to Strike), p. 14.[2] Thus, the second *Poulis* factor weighs in favor of sanctions.

Third, the Court reviewed Attorney Carson's history of dilatoriness. *Brace*, 1 F.4th at 143 (citing *Poulis*, 747 F.2d at 868). As the foregoing findings of fact indicate, Attorney Carson has a history of dilatory behavior. His conduct since Dr. Nelatury retained him has been marked by missed deadlines and nonresponsiveness.  Thus, the third *Poulis* factor weighs in favor of

---

[1] Despite Attorney Carson's conduct, this Court will decide the summary judgment motion on the merits.
[2] Defendants have not moved for attorneys' fees and costs, but they have reserved the right to do so after the Court rules on their Motion to Strike. Dkt. 124 (Notice Regarding Bill of Costs).

sanctions.

Fourth, the Court considered whether the party or its lawyer acted willfully or in bad faith. *Brace*, 1 F.4th at 143 (citing *Poulis*, 747 F.2d at 868). Missing a deadline does not always indicate bad faith. However, a pattern of violations like the ones the Court has described allows no other conclusion than that an attorney is acting in bad faith. *See Tracinda*, 502 F.3d at 242; *Brace*, 1 F.4th at 144. The Court repeatedly made Attorney Carson aware of his violations, but he failed to rectify his conduct. The Third Circuit affirmed the imposition of sanctions in a case whose "procedural history [was] replete with extended deadlines, missed deadlines, and completely ignored deadlines—all by [one side's counsel]." *Brace*, 1 F.4th at 140. That language describes this case well. Thus, the fourth *Poulis* factor weighs in favor of sanctions.

Fifth, the Court considered how effective alternative sanctions less severe than dismissal would be. *Brace*, 1 F.4th at 143 (citing *Poulis*, 747 F.2d at 868). This factor is not applicable. The Court was not considering dismissal, because it believed that sanctions short of dismissal should hopefully rectify Attorney Carson's conduct.

Sixth and finally, the Court considered whether the party has a meritorious claim or defense. *Brace*, 1 F.4th at 143 (citing *Poulis*, 747 F.2d at 868). This factor is not applicable. Before dismissing a case as a sanction, a court should assess whether the party to be sanctioned has a meritorious claim or defense. Here, as noted, Dr. Nelatury's summary judgment arguments will be considered on the merits.

To summarize, one of the *Poulis* factors weighs in favor of sanctions against Attorney Carson personally. Three *Poulis* factors weigh in favor of sanctions generally. And two *Poulis* factors are not applicable. Thus, the *Poulis* factors weigh in favor of the imposition of sanctions against Attorney Carson personally. The Third Circuit has held that imposition of costs is an appropriate sanction. *Poulis*, 747 F.2d at 869. The Third Circuit has also endorsed "other escalating sanctions . . . , like fines." *Brace*, 1 F.4th at 144.

At today's show-cause hearing, the Court heard argument from Attorney Carson and from Defendants, The Pennsylvania State University and Ralph Ford. Attorney Carson argued

5

that he had not engaged in a pattern of dilatory behavior, because all of his dilatory conduct should be considered as one violation caused by his termination from his former firm in March 2024. Attorney Carson argued that he had not been dilatory before that point. He also said that he had retained sixty of his cases following his termination, had set up his own solo practice, and had been working twenty-four hours a day. Defendants responded that while they had sympathy for Attorney Carson's circumstances, it was his decision to continue to represent clients in sixty cases.

Defendants are correct that Attorney Carson is accountable for the fact that he has decided to continue representing clients in sixty cases. In addition, Attorney Carson exhibited a pattern of neglect before March 2024. To take one example, he did not travel to Pittsburgh for a conference that was scheduled in person. Nor did he move to hold the hearing by videoconference. The Court was forced to switch to videoconference at the last moment when it became clear that Attorney Carson would not attend in person. *See* Dkt. Entry of 9/18/2023 (setting post-discovery status conference for "11/28/2023 01:00 PM in Suite 5360" of the Joseph F. Weis Courthouse); Dkt. 68 (minute entry reflecting that conference was held telephonically).

### IV.     Conclusion

In light of the facts, the parties' arguments, and the law, today the Court imposed a fine of $500.00 on Attorney Carson. It also informed Attorney Carson that he is not permitted to pass on to his client, directly or indirectly, the cost of this fine or any future fine. Dr. Nelatury indicated that he understood this portion of the Court's order.

Now, in addition, it is **ORDERED** that any late filings by Attorney Carson may result in additional fines or other penalties, such as disregarding the late document. It is further **ORDERED** that the Court will not entertain any extension request filed by Attorney Carson for the remainder of this case absent truly extraordinary circumstances, which he would be required to document to the Court's satisfaction; Attorney Carson's caseload does not constitute an extraordinary circumstance and will not be considered. It is further **ORDERED** that Attorney Carson shall file on the docket, no later than July 17, 2024, the letters he emailed to Chambers on

April 18 and April 29, 2024. If Attorney Carson believes the letters contain material that should not be publicly available, he may follow Court procedures to request sealing of the filings.

DATED: July 11, 2024

_____
D. MICHAEL FISHER
UNITED STATES CIRCUIT JUDGE